UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-61095

JUAN CARLOS MURRAY,

    Plaintiff,

vs.

AURA INSTALLATION AND MOVING, INC. and
MICHEL A. PUJAZON,

    Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME VIOLATION(S)

Plaintiff, Juan Carlos Murray, sues Defendants, Aura Installation and Moving, Inc. and Michel A. Pujazon, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Juan Carlos Murray**, was and is a resident of Broward County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who consents to join in this lawsuit.

2. **Defendant, Aura Installation and Moving, Inc.,** is a Florida for-profit corporation that is authorized to conduct and that actually conducts its installation business throughout this District, with its office and principal place of business within Pompano, Broward County, Florida, and it is *sui juris*.

3. **Defendant, Michel A. Pujazon**, was at all material times a resident of this District; he was and is a manager, owner, officer, director, and/or operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations and was partially or

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com  www.fairlawattorney.com

totally responsible for paying Plaintiff's wages.

4. Defendants were direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed the Plaintiff.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this Broward County, Florida, because Defendants employed Plaintiff in Broward County, Florida, because Plaintiff worked in this District, because Defendants paid Plaintiff in Broward County, Florida, because Defendant maintained their principle place of business in Broward County, Florida and because most of the actions complained of occurred within this District.

6. This Court has original jurisdiction over Plaintiff's unpaid overtime wage claim under 29 U.S.C. §201, *et seq*.

### *Background Facts*

7. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

8. Defendants, in the course of their engaging in a moving, relocation, and assembly business have been at all times material engaged in interstate commerce in the course of their use of vehicles, dollies, dropcloths, tape, packing tape, packing tape dispensers, bubble wrap, cling wrap, cardboard boxes, pens, and other materials and supplies that traveled in interstate commerce prior to their use of same.

2

9. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

10. Defendant, Aura Installation and Moving, Inc., works as a subcontractor for Beltman Relocation Group, a nationwide moving company, and performs relocation, moving, and assembly services throughout South Florida.

11. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

12. Plaintiff worked for Defendants as a "supervisor" who performed customer service, scheduling, moving, relocation, and assembly services from February 2013 to May 13, 2017.

13. During this time, Plaintiff utilized boxes, packing tape, bubble wrap, and other materials and supplies that traveled in interstate commerce prior to his use of them for Defendants and their customers.

14. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in Defendants' exclusive custody.

15. Defendants paid Plaintiff an hourly rate that started at $13.00/hour in 2013 and that rose by $1.00/year until he earned $17.00/hour while working for them.

16. Defendants paid Plaintiff an hourly rate based upon the time records that Plaintiff maintained and submitted to the Defendants, which time (and pay) varied from week to week.

17. Plaintiff routinely worked 60 hours or more per week without receipt of overtime pay at a rate of one and one-half times his regular rate of pay.

18. Defendants failed and refused to pay Plaintiff overtime wages calculated at time

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884    FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

and one-half of his regular hourly rate for all hours worked over 40 hours in a given workweek.

19. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of one and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period.

20. Defendants either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay him overtime, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff the overtime pay he earned.

21. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

22. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

23. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

WHEREFORE Plaintiff, Juan Carlos Murray, demands the entry of a judgment in his favor and against Defendants, Aura Installation and Moving, Inc. and Michel A. Pujazon, jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages for all overtime work performed for the Defendants within the past three years as provided under the law and in 29 U.S.C. § 216(b)

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

b.  That Plaintiff recover pre-judgment interest if he is not awarded liquidated damages;

c.  That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d.  That the Defendants be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e.  All interest allowed by law; and

f.  Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 31st day of May, 2017.

> Respectfully Submitted,
>
> FAIRLAW FIRM
> 7300 N. Kendall Drive
> Suite 450
> Miami, FL 33156
> Tel:   305.230.4884
> Fax:   305.230.4844
>
> s/*Brian H. Pollock, Esq.*
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com